

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                                                 Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                                                              Fax (888) 329-0305

January 22, 2025

*Via ECF*

Hon. Steven I. Locke
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722

Re:   Letter Motion to Compel, *Weingrad v. Slingshot Enterprises Inc.*, 2:24-cv-03736-JS-SIL

Dear Judge Locke:

Plaintiff respectfully files this letter motion seeking to compel responses to the following Interrogatory and Request for Production:

Interrogatory 7: If you contend that any putative class member provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained and the language present on the website it was contained on.
Defendant's Response: Objection, demand is improper, Plaintiff's interrogatory presumes the legal conclusion that it will satisfy the legal prerequisites to establish class certification, which Defendants disputes. Over and above objections, Defendant do not know the identity of any "putative class members" nor did Defendant make any telephone solicitations.

Request for Production 11: All communications with Manish Damania and Shiftastik International Pvt. Ltd.
Defendant's Response: Objection, demand is patently improper as overbroad, unduly burdensome and vague. Over and above objections any and all communications with Manish Damania and/or Shiftask regarding this matter are annexed hereto within Exhibit "A".

The parties met and conferred telephonically twice regarding the deficiencies in these responses, including on January 22, 2024. The parties are at an impasse as Defendant refuses to supplement and stands by its objections.

However, numerous other courts have compelled responses to identical, or nearly identical, requests in the face of nearly identical objections. As recently as last month, the United States District Court for the Northern District of Texas compelled a response to an *identical*

*interrogatory* in the face of a nearly identical objection, namely, among other objections, that "this matter is not suited for class discovery because no classes have been certified yet" and, accordingly, that the defendant did not have "relative access to relevant information." *Bond v. Folsom Ins. Agency LLC*, No. 3:24-cv-025551-L, ECF No 21 (N.D. Tex. Nov. 18, 2024). The Court compelled a response in a minute entry, noting in relevant part that:

> As to Interrogatory No. 7, "[t]he Court will not engage in a preemptive merits analysis to determine whether [Bond] is entitled to discovery on the claim that [he] has pleaded and is pursuing." . . . "The Court will not prematurely assess the balance of the evidence on the merits of [Bond's] claim[s] against [Folsom Insurance] and will not credit [Folsom Insurance's] assessment to cut off [Bond] from seeking relevant evidence from this named party before discovery has closed and any summary judgment motion has been filed." . . . Folsom Insurance's answer is incomplete as to what Bond is asking based on what he has pleaded and is pursuing. . . . And Folsom Insurance has not supported its other boilerplate objections and may not avoid appropriate classwide discovery that is -- as Bond persuasively argues -- necessary for a future class certification motion.

The Northern District of Texas is not alone in those sentiments. In a TCPA case, it is the Defendant's burden to prove consent as to every class member, and the Plaintiff can defeat consent by demonstrating common issues with the proffered consent evidence. *See Aley v. Lightfire Partners, LLC*, No. 5:22-CV-00330 (AMN/TWD), 2024 WL 4007345, at *4–*5 (N.D.N.Y. Aug. 30, 2024). Accordingly, the Defendant must provide evidence of consent that it intends to rely upon in advance of the Plaintiff's motion for class certification, because such information is highly relevant to meeting the Plaintiff's burden at class certification, including demonstrating the elements of numerosity, commonality, typicality, adequacy, superiority, and predominance required by Rule 23. *See Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2nd Cir. 2018).

A telemarketer who claims it had consent to contact a particular consumer bears the burden of proof, and must maintain records that prove such a claim. The FCC has cautioned that a telemarketer claiming consent "must be prepared to provide clear and convincing evidence of the existence of such a relationship." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 2157853 (July 3, 2003). Classwide consent data of the type sought in this interrogatory is of paramount importance to the Plaintiff successfully moving for class certification, as courts in the TCPA context unanimously recognize. *See, e.g.*, *Starling v. KeyCity Cap., LLC*, No. 3:21-CV-818-S, 2022 WL 198403, at *2 (N.D. Tex. Jan. 21, 2022) (compelling request for class calling and consent data and rejecting claim that such data would "amount to a fishing expedition and seek to prematurely identify potential members of classes that should not be certified."); *Blow v. Bijora*, 855 F.3d 793, 803 (7th Cir. 2017); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014).

As another Court has held in a TCPA case when compelling similar information:

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

2

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011). Notably, the Defendant has also produced the putative consent evidence with respect to the Plaintiff on which it intends to rely. As such, the Plaintiff has a legitimate need for this information and a reasonable expectation that it be produced. The Court should therefore compel this information for all class members.

So too with the Request for Production. Defendant's only objection is that the request is "patently improper as overbroad, unduly burdensome and vague." As an initial matter, the "overbroad and unduly burdensome" standard was abrogated in 2015 in favor of the new "proportionality" standard. More concerningly, the objection does not comply with Rule 34(b)(2)(B), which mandates that the Defendant "state with specificity the grounds for objecting to the request, including the reasons." Defendant's out-of-date boilerplate response doesn't do that, nor does it specifically identify what about the request is vague.

Using lead vendors is typical in TCPA cases, and it is also typical for federal courts to require TCPA defendants to obtain classwide calling records and other correspondences from the vendors they engage, including to prove the universe of calling conduct, as well as vicarious liability. *See Braver v. Northstar Alarm Sercs., LLC*, 2019 U.S. Dist. LEXIS 118080, *18-25 (W.D. Okla. 2019) (detailing emails and other communications as basis for finding vicarious liability in a TCPA telemarketing case). As such, multiple courts have held that correspondences between a company and its telemarketing vendors are eminently proportional in a TCPA case, especially when such vendors are alleged to have had involvement in the illegal calling conduct at issue. *See, e.g.*, *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 5:11-CV-90, 2014 WL 316476, at *1 (N.D.W. Va. Jan. 28, 2014) (granting motion to compel correspondence and other discovery relevant to vicarious liability in a TCPA telemarketing case); *Frey v. Frontier Utils. Ne. LLC*, No. CV 19-2372-KSM, 2020 WL 12697468, at *1 (E.D. Pa. Apr. 13, 2020) (compelling small company's communications with telemarketing vendor); *Jones v. Safe Streets USA LLC*, No. 5:19-CV-394-BO, 2020 WL 3261096, at *4 (E.D.N.C. June 16, 2020) (compelling correspondence regarding telemarketing vendors); *Woodard v. Quote Storm Holdings, LLC*, No. 23 C 55, 2023 U.S. Dist. LEXIS 90743, at *7-9 (N.D. Ill. May 24, 2023).

The "existence of an agency relationship is a fact-intensive inquiry that is generally best evaluated after discovery." *Am. Kitchen Delights, Inc. v. Signature Foods, LLC*, No. 16-CV-08701, 2018 U.S. Dist. LEXIS 45184, at *12 (N.D. Ill. Mar. 20, 2018). As all correspondences between the Defendant and their telemarketing vendors are plainly relevant to the development of evidence in support of the existence of an agency relationship, these correspondences should likewise be compelled.

Respectfully Yours,

Andrew R. Perrong, Esq.